52 CCPA

## Application of Robert L. GINESI and William S. Dorman.

### Patent Appeal No. 7231.

United States Court of Customs
and Patent Appeals.

Dec. 17, 1964.

Ellsworth H. Mosher, Washington, D. C., for appellants.

Clarence W. Moore, Washington, D. C. (Fred W. Sherling, Washington, D. C., of counsel), for the Commissioner of Patents.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

KIRKPATRICK, Judge.

The application (Serial No. 685,122, filed September 20, 1957) involved in this appeal relates to coated spherules of toothpaste. The product is intended to take the place of the commonly used toothpaste while at the same time retaining the paste form of the dentifrice. Presently before this court is an appeal from the disallowance of three of the claims, namely, claims 5, 6, and 8, the appeal from disallowance of the remaining claims having been withdrawn at oral argument.

Claim 5 is as follows:

"5. A rounded and coated dental product comprising a viscous toothpaste interior having an equivalent sphere diameter of less than about ½ inch, and an outer solidified coating consisting of a saliva-soluble base material and an active ingredient having dental therapeutic properties, said active ingredient being included substantially entirely in said outer coating."

Claim 6 differs from claim 5 in that it adds the limitations that the toothpaste interior shall be not less than ¼ inch in diameter and that the coating shall be less than 1/32 inch in thickness. Claim 8 is the same as claim 6 except that it provides that the coating shall be 0.01 to 0.02 inch thick.

The specification explains that when one of these coated spherules is placed in the user's mouth, the coating, being readily soluble in the saliva of the mouth, will dissolve quickly and the remaining and now uncoated toothpaste may be used with a toothbrush in the usual manner.

The references relied upon by the board are Lautmann, No. 2,311,923, February 23, 1943, and Bly, No. 2,778,045, January 22, 1957, in combination.

The Bly patent is for a capsule having a thin shell which can be easily broken by the teeth or dissolved in the mouth, containing a dentifrice, antiseptic gargle or mouth wash, the shell being made of flavoured, edible material.

The Lautmann patent is for a cough drop made of a hard candy shell having a medicated liquid center. The shell, it is stated, will dissolve in the mouth, and it is pointed out in the specification that the shell may be medicated as well as the interior.

---

[*] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge Worley, pursuant to provisions of Section 294(d), Title 28, United States Code.

The only points of distinction between Bly and the present application are:

(1) Bly does not specify, as does the present application, that the shell shall contain "an active ingredient having dental therapeutic properties" or, for that matter, any kind of medication. We are unable to agree with the board that the calcium suggested by Bly meets the requirement of the application which, we think, refers to an ingredient which would be active within the mouth. However, in view of the disclosure of Lautmann, that is immaterial.

(2) The Bly patent does not specify the dimensions of either the center or the shell, but it does not seem to us that the exact dimensions set out in the claims are critical, the only requirements being that the diameter should be large enough to contain the desired amount of dentifrice and not so large as to be inconvenient and that the shell should be thick enough to be handled, but not so thick that it would be difficult to crush or dissolve. Apart from that, however, inasmuch as Bly expressly, and the present application by necessary implication, calls for an amount of toothpaste in the capsule sufficient for one brushing, the sizes would have to be about the same— certainly not enough different to leave room for the present invention to be unobvious.

Given Bly's capsule loaded with toothpaste and Lautmann's disclosure that the shell of a somewhat similar capsule with a cough remedy interior may be medicated, it would hardly be achieving an unexpected result to include some medication having dental therapeutic properties in the make-up of the shell covering of a toothpaste capsule.

The board concluded that the invention was obvious in view of the references and we agree.

Affirmed.